UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 06-77-KKC

DENISE KAY MILES,                                                                                        PLAINTIFF,

V.          **MAGISTRATE JUDGE'S REPORT
              AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                         DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Denise Miles, brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for Supplemental Security Income ("SSI").  This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that Plaintiff's motion for summary judgment [Record No. 9] be denied, Defendant Commissioner's motion for summary judgment [Record No. 10] be granted, and Judgment be entered affirming the final decision of the Commissioner.

## II.  FACTUAL BACKGROUND

Plaintiff filed her first application for SSI on July 15, 2004, which was denied initially and on reconsideration.  [Tr. 14.]  At Plaintiff's request, an administrative hearing, presided over by Administrative Law Judge Roger L. Reynolds (hereinafter "ALJ"), was conducted on March 29,

2006. [Id.] Plaintiff appeared and testified at the hearing with the assistance of counsel, Roger Riggs. [Id.] Also testifying was vocational expert Betty L. Hale (hereinafter "VE"). [Id.] On June 27, 2006, the ALJ found Plaintiff not disabled and thus not entitled to SSI. [Tr. 20.] The Appeals Council declined on October 12, 2006, to review the ALJ's decision [Tr. 6] and Plaintiff now seeks judicial review.

Plaintiff was 44 at the time of the administrative hearing. [Tr. 68.] She has a high school diploma and previously worked as a secretary, farm laborer, nurse's aide, cook, waitress, coding clerk, and assembler. [Tr. 19, 78-85.] Her most recent employment was as an assistant manager at a family-owned hardware store. [Tr. 19.] Her alleged onset of disability is January 1, 1999, due to chronic neck, shoulder and back pain related to degenerative disc disease, dysthymia, anxiety disorder and plantar fasciitis. [Tr. 14, 16.]

Plaintiff has undergone several magnetic resonance imaging scans, showing various spinal impairments, including diffuse disc bulge at C5-C6 resulting in stenosis and disc protrusion at C6-C7. She was advised to consult a neurosurgeon and has since seen improvement with her back pain after taking medication. Plaintiff has also been treated for hyperkeratotic lesions and capsulitis of her feet, chest pain and anxiety. [Tr. 16.]

Upon filing her claim, Plaintiff was seen by a consulting physician who found she had full range of motion in the cervical and lumbar spine and no joint redness, warmth or edema. Plaintiff also was seen for her anxiety, but discontinued treatment on the second visit. [Tr. 17.] A psychological evaluation by an agency mental health expert was conducted, with a finding that the Plaintiff has a poor ability to adapt or respond to pressures found in most work situations due to her anxiety and panic disorders as well as agoraphobia and dysthymic disorders. [Id.]

In determining whether a claimant is disabled, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920. This process was summarized by the Sixth Circuit Court of Appeals in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

336 F.3d at 474 (internal citations omitted).

At the first step of the sequential evaluation process in the instant case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of. [Tr. 16.] At the second step, the ALJ found that Plaintiff's medically determinable impairments – chronic neck, shoulder and back pain secondary to degenerative disc disease, dysthymia, generalize anxiety disorder and bilateral plantar fasciitis – were severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921. [Tr. 16.] At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 17.] At the fourth step, the ALJ found that Plaintiff was unable to perform her past relevant work. See 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). [Tr. 18.]

At the fifth and final step, relying on the testimony of the VE and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional

capacity (hereinafter "RFC"), the ALJ found that Plaintiff could perform light and sedentary exertional work and was capable of making a successful adjustment to work existing in significant numbers in the national economy and, on this basis, denied her claim for SSI. [Tr. 19.]

An RFC evaluation is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567, *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708, *11 (6th Cir. Jan. 12, 2001). In this case, the ALJ found the Plaintiff's RFC to be the following:

> She requires a sit/stand option with no prolonged standing/walking in excess of one hour without interruption secondary to plantar fasciitis. She requires work with simple repetitive procedures, no frequent changes in work routines, no requirement for problem solving, independent planning, goal setting or more than occasional interaction with the general public, co-workers or supervisors. She is limited to no work around concentrated vibration.

[Tr. 17.]

Although not per se required, the testimony of a VE is the preferred method of evaluating whether a claimant is capable of returning to past relevant work or making a successful adjustment to other work found in significant numbers in the national economy. See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043, *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538, *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978). In this case, the VE testified that:

> an individual of the claimant's vocational background and residual functional capacity could perform sedentary bench assembly work of which 18,000 jobs exist

>in the state economy, and 900,000 jobs exist in the national economy. . . . the individual could perform sedentary non-hazardous security jobs; 6,000 jobs exist in the state economy, and 430,000 jobs exist in the national economy. The individual could also perform sedentary grading/sorting work, of which 1,600 jobs exist in the state economy, and 100,000 jobs exist in the national economy, as well as, sedentary hand packing work; 2,900 of these jobs exist in the state economy and 212,000 jobs exist in the national economy. . . . such an individual could perform production labor jobs, of which 14,000 jobs exist in the state economy, and 750,000 jobs in the national economy.

[Tr. 19.] The ALJ denied Plaintiff's claim on this basis.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. [Tr. 6.] Plaintiff thereafter filed this action and the parties' motions for summary judgment [Record Nos. 9 & 10] are now ripe for review.

### III. ANALYSIS

#### A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion" and is based on the record as a whole, taking into account what evidence fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d

388, 389-90 (6th Cir. 1999).

The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

### B. Substantial Evidence

Plaintiff's sole argument on appeal is that the ALJ's opinion is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ did not afford proper weight to the treating physician's (Dr. Bradford Quatkemeyer) opinion, did not consider the opinion of Dr. Paul Ebben, a consultative psychologist, and did not consider all of Plaintiff's impairments in combination.

Dr. Quatkemeyer's RFC opinion stated that the Plaintiff was incapable of working at "low stress" jobs, sitting or standing for more than five minutes at a time and no more than two hours in an eight-hour day, lifting ten pounds or more or perform any tasks requiring stooping or crouching. [Tr. 250-54.] The ALJ found that Dr. Quatkemeyer's opinion was not properly supported by objective medical findings or his own treatment notes. [Tr. 18.] Specifically, the ALJ noted that Dr. Quatkemeyer had not seen the Plaintiff for several months when he provided his medical assessment and that the assessment is inconsistent with other evidence in the record:

> As an example, Dr. Quatkemeyer opined the claimant cannot lift more than five pounds, although he also noted in the record that she incurred back pain in lifting her [ten-year-old] autistic child. His treatment notes are primarily for complaints of coughs and colds from smoking too much, and stress in dealing with her child. Although Dr. Quatkemeyer asserts the claimant is in "constant pain" she only takes Tylenol and Motrin. The claimant's reported activities of daily living are significantly in excess of what Dr. Quatkemeyer's physical assessment would permit. Finally, the claimant's work for her husband [as assistant manager at a hardware store] is clearly at odds with the aforesaid assessment.

[Tr. 18, 219-49.] It is clear from the record that the ALJ carefully considered Dr. Quatkemeyer's opinions and properly supported his reasons for not affording those opinions controlling weight.

It is equally clear that the ALJ considered the opinion of Dr. Ebben as it concerned Plaintiff's mental impairments, specifically addressing the evaluation in his decision. [Tr. 17.] This view is supported by the fact that the ALJ included much of Dr. Ebben's conclusions in his RFC determination – including limitations concerning simple, repetitive tasks, changes in work routine and contact with co-workers, the public and supervisors. [Tr. 17, 160-61.]

Finally, Plaintiff contends that the ALJ did not consider all of her impairments in a combined fashion when determining disability. However, in addressing step three of the sequential evaluation process, the ALJ noted that the Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments..." [Tr. 17.] The Commissioner correctly notes that the Sixth Circuit does not require an ALJ to specifically state he or she underwent a separate step of evaluating alleged impairments in combination, and that specific discussion of some impairments and not others does not mean all impairments were not considered in combination. Loy v. Sec'y of Health and Human Serv., 901 F.2d 1306, 1310 (6th Cir. 1990). The Court also held that an ALJ's reference to an impairment or combination of impairments not meeting one listed in the regulations suffices to show that all impairments were considered in combination.

Id.

Plaintiff, in her Motion for Summary Judgment [Record No. 9], merely reiterates the medical evidence in the record that appears to directly support her claim while failing to address the evidence that tends to support the conclusion that she is not disabled. It is clear that the ALJ considered all of the evidence in the record, evaluated the Plaintiff's credibility and came to a conclusion. The ALJ found most, if not all, of Plaintiff's claimed impairments to be severe and reflected those limitations in his RFC assessment. [Tr. 17.] Further, the ALJ included all of those limitations in his hypothetical questions to the VE, who found significant numbers of jobs that the Plaintiff could perform even with those limitations. [Tr. 19-20.]

As outlined above, the standard of review on appeal before this Court is substantial evidence. The fact that some of the evidence in the record may support a contrary conclusion to that reached by the ALJ, if any exists, is insufficient grounds for reversal. See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90. Therefore, substantial evidence exists in the record to support the ALJ's decision finding Plaintiff not disabled thus not entitled to SSI benefits. See O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978); Valey v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987).

## IV. CONCLUSION

For the reasons set forth above, it is recommended that: Defendant Commissioner's motion for summary judgment [Record No. 10] be granted; Plaintiff's motion for summary judgment [Record No. 9] be denied; Judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice; and, that this action be stricken from the Court's docket.

Specific objections to this Report and Recommendation must be filed within ten days from

the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed August 10, 2007.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge